UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:09-cr-0089 JAM KJN |
|---|---|
| Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ANTRONETTE DEON NEAL, | |
| Movant. | |

INTRODUCTION

Movant, a federal prisoner proceeding without counsel, has filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.[1] (ECF No. 56.) The United States filed a response to the motion, and movant filed a reply. (ECF Nos. 66, 75.) After carefully considering the written briefing and the applicable law, the court recommends that the motion pursuant to 28 U.S.C. § 2255 be DENIED.

BACKGROUND FACTS AND PROCEDURAL HISTORY

On March 5, 2009, a grand jury returned an Indictment charging movant with a single count of possession with intent to distribute at least 50 grams of a form of cocaine base known as crack cocaine. (ECF No. 8.) After negotiations, and represented by counsel, movant entered into

---

[1] This motion was assigned, for statistical purposes, the following civil case number: 2:13-cv-236-JAM KJN P.

1

a binding Plea Agreement pursuant to Rule 11(c)(1)(C).[2] (ECF No. 70.)

The terms of the Plea Agreement required movant to:

> plead guilty to the sole Count of the Indictment in this case. The Indictment charges the defendant with possession with intent to distribute at least 50 grams of a form of cocaine base known as crack cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). The defendant agrees that she is in fact guilty of this charge and that the facts set forth in the Factual Basis attached to this Plea Agreement as Exhibit A are accurate, true, and correct.

(ECF No. 70 at 3-4; see also ECF No. 70 at 7 [outlining the elements of the offense, including that movant knowingly possessed at least 50 grams of crack cocaine].) In turn, the United States agreed to recommend a specific sentence of 180 months pursuant to Rule 11(c)(1)(C)[3], and to not file an information with the court charging movant's prior drug felony offenses. (Id. at 6-7; see also id. at 8 [noting that "under this agreement, [movant] agrees to be sentenced to a specific sentence of <u>180 months</u> pursuant to Rule 11(c)(1)(C)].) With respect to the specific sentence, the Plea Agreement outlined additional pertinent stipulations by the parties:

> B. Stipulations Affecting Guidelines Calculation: The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:
>
> 1. Specific Sentence: The parties agree that the defendant's sentence shall be 180 months in federal prison as the appropriate disposition in this case. Fed. R. Crim. P. 11(c)(1)(C). This sentence takes into consideration that, if the defendant is a career offender, under current law, she faces a guideline sentencing range of 262 to 325 months of imprisonment, based upon a maximum statutory sentence of life imprisonment. The government would normally recommend a low-end sentence of 262 months.
>
> In light of recent policy guidance issued by the U.S. Department of Justice regarding the difference between crack cocaine and powdered

---

[2] All references to Rules are to the Federal Rules of Criminal Procedure, unless otherwise noted.

[3] Rule 11(c)(1) provides, in part, that "[a]n attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:…(C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)." Fed. R. Crim. P. 11(c)(1)(C).

> cocaine sentencing, the government has also calculated the defendant's sentencing range as if she were found in possession of powdered cocaine. A career offender found in possession of over 100 grams of powdered cocaine would face a guideline sentencing range of 151 to 188 months of imprisonment, based upon a 20 year statutory maximum sentence. If the government filed the defendant's prior drug trafficking conviction, then the defendant would face a guideline sentencing range of 188 to 235 months of imprisonment, based on a 30 year statutory maximum sentence.
>
> Given the defendant's prior criminal history and the guilty plea in this case, the government believes a sentence of 180 months is appropriate (assuming the defendant's prior is not filed).
>
> The defendant is absolutely precluded from seeking a sentence of less than 180 months. However, the defendant is not precluded from receiving a further reduction in her sentence for substantial cooperation in other criminal cases in which she was not a participant and are not the subject of this Indictment. The defendant understands and agrees that the government shall have the sole discretion to determine the amount of reduction made pursuant to U.S.S.G. § 5K1.1…

(Id. at 9-10.) Additionally, the Plea Agreement contained the following waiver of appeal and collateral attack:

> The defendant understands that the law gives her a right to appeal her conviction and sentence. She agrees as part of her plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case if the Court accepts this Plea Agreement and sentences the defendant to 180 months in prison.
>
> If the Court accepts this Plea Agreement and sentences the defendant to 180 months in prison, the defendant also gives up any right she may have to bring a post-appeal attack on her conviction or her sentence. She specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking her conviction or sentence.
>
> If the defendant is sentenced to 180 months under this Plea Agreement, she agrees to waive any and all rights she may have to later move for a reduction of her sentence under 18 U.S.C. § 3582. This waiver is valid and enforceable even if the U.S. Sentencing Commission subsequently lowers the applicable guideline for crack cocaine offenses under U.S.S.G. § 2D1.1 or the career offender guideline under U.S.S.G. § 4B1.1.

(Id. at 11.) The Plea Agreement explained that, pursuant to Rule 11(c)(3), the court may accept or reject the Plea Agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. (Id. at 3.) Movant's counsel signed the Plea Agreement, representing that: "I have read this Plea Agreement and have discussed it

3

fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this Plea Agreement. (Id. at 14.) For her part, movant signed the Plea Agreement, representing that:

> I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. In addition, no one has threatened or forced me in any way to enter into this Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

(Id.)

On April 15, 2011, the court conducted a plea colloquy pursuant to Rule 11, accepted movant's guilty plea, and deferred its decision of whether to accept the Plea Agreement. (ECF No. 66-1.) As part of the plea colloquy, movant assured the court that she was fully satisfied with the representation and advice given by her attorney; that she understood the elements of the offense to which she was pleading guilty, including that she knowingly possessed at least 50 grams of a form of cocaine base known as crack cocaine; that each and every fact set forth in the factual basis for the plea was true and correct; that she understood the operation of the Plea Agreement and that she would be sentenced to 180 months in prison if the court accepted the Plea Agreement; and that she understood that she would be giving up her right to collaterally attack or appeal all or any part of the plea and/or sentence. (Id. at 7:14-17, 10:15-12:23, 13:9-21, 14:22-16:7.)

After movant's guilty plea, Probation prepared a Presentence Investigation Report ("PSR"), which found that movant qualified as a career offender under U.S.S.G. § 4B1.1(b)(A), because she had sustained two prior felony drug convictions prior to her federal drug trafficking conviction. Neither party filed objections to the PSR, and movant only filed a memorandum consisting of letters attesting to her good character. (ECF No. 52.)

Subsequently, on February 7, 2012, the court held a sentencing hearing. (ECF No. 53.) At the hearing, movant confirmed that she had reviewed the PSR and that she had had sufficient time to discuss it with her attorney. (ECF No. 66-2 at 4:25-5:7.) The court adopted the findings

in the PSR that the offense level was 34 and the criminal history category was VI, resulting in a guideline range of 262 to 327 months in prison. (Id. 5:8-6:4.) After considering a letter from the United States written pursuant to sentencing guideline 5K1.1 and character letters submitted by movant, the court accepted the Plea Agreement pursuant to Rule 11(c)(1)(C) and sentenced movant to 180 months in prison. (Id. at 8:17-25.) The court noted that it was "unfortunate that it's as severe as it is and Ms. Neal is so young, but on the other hand, as explained last week and in the 5K letter, I think it's an extraordinarily fair offer by the government and a reasonable compromise in this case." (Id. at 6:18-22.) The court thereafter entered judgment on February 14, 2012. (ECF No. 54.)

No direct appeal was filed. However, on February 6, 2013, movant filed the instant motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. (ECF No. 56.)

GROUNDS FOR THE SECTION 2255 MOTION

Movant raises the following claims in her motion:

1. Ineffective assistance of counsel, because movant purportedly only possessed 42 grams of crack cocaine, and movant's attorney did not explain to movant that she was stipulating to possession of at least 50 grams of crack cocaine and the effects thereof.
2. Ineffective assistance of counsel, because movant claims her attorney did not explain that the crack cocaine sentencing guidelines were being lowered, and did not properly raise the issue with the court.
3. The prosecutor had a personal dislike for movant which affected movant's sentence
4. Ineffective assistance of counsel, because movant claims her attorney never explained that the Plea Agreement was waiving movant's ability to argue for a sentence of less than 180 months in prison based on movant's personal history and the facts/circumstances of the offense
5. Ineffective assistance of counsel, because movant claims her attorney made no objections to the PSR, which purportedly miscalculated movant's criminal history

Based on those grounds, movant requests the court to set aside the judgment of conviction and to permit her to withdraw her guilty plea.

5

DISCUSSION

Title 28 U.S.C. § 2255 provides that:

> [a] prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

As an initial matter, the United States argues that the section 2255 motion should be dismissed, because movant's claims are encompassed by the waiver of appeal and collateral attack in the Plea Agreement, which was knowing and voluntary. Although that argument is colorable and well-supported by the record, movant couches most of her claims here as ineffective assistance of counsel claims. The Ninth Circuit Court of Appeals has suggested that a defendant may not waive an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) ("We therefore hold that a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver."); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) (noting, in the context of a section 2255 motion, that "[w]e doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain"). Nevertheless, even assuming, without deciding, that movant's claims were not waived, they fail on the merits.

"A convicted defendant seeking to overturn his conviction or sentence on the basis that he was denied effective assistance of counsel must establish (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense." United States v. Day, 285 F.3d 1167, 1169-70 (9th Cir. 2002) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "Prejudice requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. More specifically, the defendant must

show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Day, 285 F.3d at 1170 (citing Strickland, 466 U.S. at 687, 694). As discussed below, movant fails to establish deficient performance by her defense attorney, let alone that she suffered any resulting prejudice.

In Ground One, movant claims ineffective assistance of counsel, because movant purportedly only possessed 42 grams of crack cocaine, and movant's attorney purportedly did not explain to movant that she was stipulating to possession of at least 50 grams of crack cocaine and the effects thereof. First, movant's assertion that she did not realize she was stipulating to having possessed at least 50 grams of crack cocaine is belied by the record. The Plea Agreement, which movant represented she carefully reviewed, understood, and then signed, as well as the plea colloquy made numerous references to movant having possessed at least 50 grams of crack cocaine. Second, movant's sentence of 180 months did not rest on the sentencing guideline for crack cocaine or having possessed any particular amount of crack cocaine, but instead was based on an express stipulation pursuant to Rule 11(c)(1)(C). Moreover, as the United States' briefing points out, movant's counsel's advice to enter into that stipulation was eminently reasonable, given that she faced a sentencing range of 262-327 months in prison under the sentencing guidelines as a career offender.

In Ground Two, movant claims ineffective assistance of counsel, because her attorney purportedly did not explain to her that the crack cocaine sentencing guidelines were being lowered and did not properly raise the issue with the court. First, movant's assertion is again belied by the record, because the Plea Agreement, which movant represented she carefully reviewed, understood, and then signed, specifically contemplated a potential change in the sentencing guideline for crack cocaine, noting: "This waiver is valid and enforceable even if the U.S. Sentencing Commission subsequently lowers the applicable guideline for crack cocaine offenses under U.S.S.G. § 2D1.1 or the career offender guideline under U.S.S.G. § 4B1.1." (ECF No. 70 at 11.) Second, any change in the crack cocaine sentencing guideline in U.S.S.G. § 2D1.1 was immaterial here because movant is a career offender. As such, U.S.S.G. § 4B1.1, the

guideline applicable to career offenders, controlled movant's sentencing exposure, and the Ninth Circuit has held that the career offender guideline was unaffected by the amendment to the crack cocaine sentencing guideline. United States v. Wesson, 583 F.3d 728, 731 (9th Cir. 2009).

In Ground Three, movant asserts that the prosecutor had a personal dislike for movant, ostensibly because she did not cooperate to the extent that the United States desired, and that such dislike affected her sentence. Movant entirely fails to explain how such facts, even if true, resulted in ineffective assistance of counsel by her attorney. Additionally, to the extent that movant attempts to assert some type of vindictive prosecution claim, and even assuming that such a claim was not waived by failing to raise it before the district court or on direct appeal, it plainly fails on the merits. "The doctrine of vindictive prosecution does not apply when there has been no increase in the severity of the charge or the sentence imposed." United States v. Kinsey, 994 F.2d 699, 701 (9th Cir. 1993). In this case, the United States, consistent with the Plea Agreement, recommended a sentence of 180 months in prison, which, as noted above, was significantly less than the applicable guideline range of 262-327 months in prison.

In Ground Four, movant claims ineffective assistance of counsel, because her attorney purportedly never explained that the Plea Agreement was waiving movant's ability to argue for a sentence of less than 180 months in prison based on movant's personal history and the facts/circumstances of the offense. First, movant's assertion is again belied by the record, because the Plea Agreement, which movant represented she carefully reviewed, understood, and then signed, made abundantly clear that movant was "absolutely precluded from seeking a sentence of less than <u>180 months</u>," except that the United States, in its "sole discretion" could request a further reduction for substantial cooperation pursuant to U.S.S.G. § 5K1.1. (ECF No. 70 at 10.) Second, movant provides no facts, beyond mere conclusory speculation, that she was entitled to some type of variance below 180 months, and that her counsel therefore improperly failed to advise her of such a potential variance.

Finally, in Ground Five, movant claims ineffective assistance of counsel, because her attorney made no objections to the PSR, which purportedly miscalculated movant's criminal history. However, movant never raised any such alleged miscalculations on direct appeal, which

8

results in procedural default given that movant has made no proper showing of cause for why she failed to file a direct appeal on the matter. See United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003) ("A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default."). Moreover, even if such a claim was not procedurally defaulted, movant alleges no facts beyond sheer speculation that her criminal history was somehow miscalculated.

In sum, movant has not made any proper showing that her counsel's performance was deficient, let alone that she suffered any resulting prejudice. Nor has she offered any other proper basis for relief under 28 U.S.C. § 2255.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motion to vacate, set aside, or correct movant's sentence pursuant to 28 U.S.C. § 2255 (ECF No. 56) be DENIED.

2. The Clerk of the Court be directed to close companion civil case No. 2:13-cv-236-JAM KJN P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 17, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE