UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES, | No. 2:09-cr-00089-JAM-KJN-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO REDUCE SENTENCE** |
| ANTRONETTE DEON NEAL, | |
| Defendant. | |

Antronette Neal requests a 50-month sentence reduction under Section 404 of the First Step Act, P.L. 115-391. Mot. to Vacate and/or Reduce Sentence ("Mot."), ECF No. 87. The Court held a hearing on this motion on June 30, 2020. For the reasons discussed below, the Court grants Neal's motion.

I.   BACKGROUND

On April 15, 2011, Neal pleaded guilty to one count of possession with intent to distribute at least 50 grams of a form of cocaine base known as crack cocaine, 21 U.S.C. § 841(a)(1). Because of two prior drug-trafficking convictions, Neal qualified as a career offender under U.S.S.G. § 4B1.1(b)(A). The parties

1

1 | negotiated a Rule 11(c)(1)(C) plea and presented it to the Court.
2 | At sentencing, the Court found Neal had an offense level of
3 | 34, a criminal history category of VI, and a guideline range of
4 | 362 to 327 months.  The government, however, moved for a downward
5 | departure under U.S.S.G. § 5K1.1.  See Tr. of Entry of Guilty
6 | Plea at 5:25-6:2, ECF No. 64.  The Court granted the government's
7 | motion, accepted the parties' Rule 11(c)(1)(C) plea and sentenced
8 | Neal to a 180-month term of imprisonment, to be followed by a 60-
9 | month term of supervised release.  Tr. of Judgment and Sentencing
10 | at 3:14-24, 5:21-6:8, ECF No. 65.  Neal's expected release date
11 | is March 23, 2024.  Ex. B to Mot., ECF No. 87-2.
12 | At the time of Neal's sentencing, an offense involving 50 or
13 | more grams of crack cocaine implicated a statutory sentencing
14 | range of 10 years to life in prison, 21 U.S.C.
15 | § 841(b)(1)(A)(iii) (2006).  But in 2010, the Fair Sentencing Act
16 | amended this section, requiring a higher quantity of drugs to
17 | trigger the same sentence.  Under the Fair Sentencing Act an
18 | offense must now involve 280 grams of crack cocaine before
19 | triggering the ten-year minimum and lifetime maximum.  Offenses
20 | involving more than 28 grams but less than 280 grams of crack
21 | cocaine are subject to a 5-year minimum and a 40-year maximum.
22 | See Fair Sentencing Act § 2.  The First Step Act made these
23 | changes retroactive to defendants whose convictions became final
24 | before Congress enacted the Fair Sentencing Act.  S. 3747, 115th
25 | Cong. § 4040(a) (2018).
26 | ///
27 | ///
28 | ///

## II. OPINION

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); see also Dillon v. U.S., 560 U.S. 817, 819 (2010). There are, however, four exceptions to this rule: (1) when extraordinary and compelling reasons warrant a reduction, 18 U.S.C. § 3582(c)(1)(A)(i); (2) when a defendant over the age of 70 has served at least 30 years in prison on a Section 3559(c) sentence, 18 U.S.C. § 3582(c)(1)(A)(ii); (3) when federal law or Rule 35 of the Federal Rules of Criminal Procedure expressly permits a sentence reduction, 18 U.S.C. § 3582(c)(1)(B); and (4) when the Sentencing Commission lowers a defendant's sentencing range after she has already been sentenced, 18 U.S.C. § 3582(c)(2).

Here, Neal argues the Court should reduce her sentence under Section 3582(c)(1)(B) because the First Step Act expressly permits a sentence reduction. Mot. at 5-6. Section 3582(c)(1)(B) provides little guidance on how to apply the expressly-permitted-by-statute exception. Even so, courts interpreting this provision within the context of the First Step Act adopt a 2-step approach: first, determine whether a reduction is permissible as a matter of law, and then, determine whether a reduction is advisable as a matter of discretion. See, e.g., United States v. Flowers, No. 08-cr-00188, 2020 WL 1916616, at *4-5 (E.D. La. Apr. 20, 2020); United States v. Rose, 379 F.Supp.3d 223, 227-28 (S.D.N.Y. 2019).

Here, the parties agree that, as a matter of law, Neal is eligible for a sentence reduction under the First Step Act. They deviate, however, on the issue of whether the Court should

exercise its discretion to reduce Neal's fifteen-year prison sentence by 50 months and her term of supervised release by 12 months.

A. <u>Eligibility</u>

Under section 404 of the First Step Act, "a court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Therefore, to be eligible for a sentence reduction, a defendant must be serving a sentence on a "covered offense." An offense is "covered" if (1) section 2 or 3 of the Fair Sentencing Act modified its statutory penalties, and (2) the conduct underlying the offense occurred before August 3, 2010 (the date the Fair Sentencing Act took effect). First Step Act of 2018, S. 3747, 115th Cong. § 404(a) (2018). Neal, the government, and the Court all agree that Neal's sentence flows from a covered offense. <u>See</u> Mot. at 5-6; Opp'n at 4-5. Section 2 of the Fair Sentencing Act changed the statutory sentencing range in Neal's case from 10 years-life to 5-40 years. Moreover, Neal's conduct occurred on February 20, 2009—well before the Fair Sentencing Act took effect.

The government makes much of the fact that Neal's plea agreement was a Rule 11(c)(1)(C) plea. <u>See</u> Opp'n at 2-3. To the extent that this has any bearing on the Court's analysis, the Court does not find that it comes into play at the eligibility stage. The government does not expressly argue that the nature of Neal's plea voids her eligibility for a sentence

4

reduction as a matter of law. And nothing in 21 U.S.C. § 3582(c)(1)(B) or the First Step Act suggests that imposing this type of restriction would be appropriate. Indeed, section 3582(c)(1)(B) authorizes a sentence reduction in "any case" where the reduction is expressly permitted by law. 21 U.S.C. § 3582(c)(1)(B) (emphasis added). The only limitation on this provision's otherwise broad coverage pertains to individuals who have already requested section 404 sentence reduction and received a denial on the merits. S. 3747, 115th Cong. § 404(c) (2018). This limitation does not apply to Neal.

The Court therefore finds Neal eligible for a sentence reduction under section 404 of the First Step Act.

B.  Discretionary Reduction

The First Step Act does not, however, require courts to reduce the sentence of every defendant convicted of a covered offense. Nor does it provide any benchmarks for determining when a court, exercising its sound discretion, should reduce a defendant's sentence under section 3582(c)(1)(B). Neal argues the Court must consider the Section 3553(a) factors in making this determination. The Court disagrees.

Courts across the country are divided on the question of whether 18 U.S.C. § 3582(c)(1)(B) requires courts to consider the section 3553(a) factors. Compare United States v. Smith, 959 F.3d 701, 703 (6th Cir. 2020) (requiring courts apply the section 3553(a) factors); United States v. Chambers, 956 F.3d 667, 674 (4th Cir. 2020) (same) (collecting cases), with United States v. Houston, 805 Fed.Appx. 546 (9th Cir. 2020) (finding the district court was not required to consider the section

3553(a) factors); <u>United States v. Moore</u>, No. 19-3187, 2020 WL 3442714, at *2 (8th Cir. June 24, 2020) (same) (collecting cases).  Looking only to the text of the statute, the Court finds little basis for this split.  As previously explained, section 3582(c) provides four exceptions to the general rule that a district court may not modify a prison sentence once it is final.  <u>See</u> 18 U.S.C. §§ 3582(c)(1),(2).  The statute conditions three out of four of these exceptions on the district court's consideration of the factors set forth section 3553(a).  <u>See</u> 18 U.S.C. § 3582(c)(1)(A) ("after considering the factors set forth in section 3553(a)"); 18 U.S.C § 3582(c)(2) ("after considering the factors set forth in section 3553(a)").  But section 3582(c)(1)(B)—the exception at issue here—does not.  The Court declines to infer a statutory requirement from silence.  <u>See</u> <u>Barnhart v. Sigmon Coal Co., Inc.</u>, 534 U.S. 438, 461-62 (2002) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

    But, nothing in section 3582(c)(1)(B) prohibits courts from consulting the familiar factors found in section 3553(a).  Nor does it set forth an alternative list of appropriate considerations.  The First Step Act is similarly reticent.  Absent statutory guidance, this Court joins the ranks of many others in finding that consideration of the section 3553(a) factors is both permissible and reasonable when determining whether to reduce a defendant's sentence under the First Step Act.  <u>See</u>, <u>e.g.</u>, <u>United States v. Payton</u>, No. 07-20498-1, 2019 WL 2775530, at *4 (E.D. Mich. July 2, 2019) (collecting cases);

United States v. Mitchell, No. 05-00110(EGS), 2019 WL 2647571, at *7 (D.D.C. June 27, 2019); Rose, 379 F. Supp. 3d at 233 (S.D.N.Y. 2019).   As one district court persuasively stated:

> Importing the standard set forth in § 3553(a) makes sentencing proceedings under the First Step Act more predictable to the parties, more straightforward for district courts, and more consistently reviewable on appeal.  It is unlikely that Congress intended to give district courts unbounded or unreviewable discretion to grant or deny relief, and if § 3553(a) did not apply, then courts would have to develop new and untried standards to limit judicial discretion.

Rose, 379 F. Supp. 3d at 234-35.

Upon considering the factors set forth in 18 U.S.C. § 3553(a), the Court finds that reducing Neal's sentence to a 130-month term of imprisonment, followed by 48 months of supervised release is "sufficient but not greater than necessary" to serve the goals of sentencing.  See 18 U.S.C. § 3553(a)(2).  Neal's history and characteristics and the need to avoid unwarranted sentence disparities, see 18 U.S.C. §§ 3553(a)(1), (6), most heavily influence this Court's conclusion.  See also United States, 956 F.3d 667, 675 (4th Cir. 2020) (finding post-sentencing evidence "may be highly relevant" when considering how the § 3553 factors apply in the § 404(b) context).

As Neal argues, she has used her time in prison wisely. Mot. at 11.  Over the past seven years, Neal has taken over forty courses to develop technical skills, improve employment prospects, abate addiction, and manage emotions.  See Id. (citing Ex. B to Mot. at 1-2, ECF No. 87-2).  She has also paid her financial obligations in full.  Id.  To be sure, Neal has made mistakes.  Opp'n at 8 (citing Ex. A to Opp'n).  Most

7

concerning is the role she played in two in-custody assaults over the past four years. See Ex. A to Opp'n at 3, 5. But viewing Neal's record as a whole, the Court finds that the steps she's taken toward self-reflection and rehabilitation paint a more accurate picture of her time in prison than do the missteps she's made along the way. Most of the write-ups on Neal's disciplinary record provide vague descriptions of generally innocuous conduct: "claimed ownership of excess property"; "located . . . in the unit when she was supposed to be in group"; "admitted to placing three-way call". Ex. A to Opp'n at 2-4. Neal's rehabilitative efforts, on the other hand, are substantive and reflect deliberate moves in the right direction. Ex. B to Mot. at 1-2.

Moreover, Neal's age and reentry plan indicate she presents a lower risk of recidivism than she did during her original sentencing. Neal's drug convictions occurred when she was 19, 22, and 27. Mot. at 5 n.1. She is now 36. As Neal argues, recidivism rates for inmates released from prison in their thirties is significantly less than it is for those released in their twenties. See U.S. Sentencing Commission, Recidivism Among Federal Offenders: A Comprehensive Overview at 23-24, available at https://www.ussc.gov/sites/default/files/ pdf/research-and-publications/research-publications/2016/ recidivism_overview.pdf. Neal's plan to move to Louisiana upon release further diminishes her risk of recidivism. Much of Neal's immediate and extended family live in The Pelican State. This move will allow Neal to surround herself with support, and "provide an opportunity to make a fresh start . . . far away

from the influences that led to her conviction." Mot. at 12. When released, Neal will enjoy financial support from her parents and employment support from the Social Work Team at the Federal Defender's Office in Sacramento. Id.

Reducing Neal's sentence also helps "avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Defendants who qualify as career offenders are, with increasing frequency, receiving sentences below the guideline range set forth in USSG § 4B1.1. U.S. Sentencing Commission, Report to the Congress: Career Offender Sentencing Enhancement ("Report to the Congress") 22 (Aug. 2016), available at https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/criminal-history/201607_RtC-Career-Offenders.pdf. Indeed, "the proportion of career offenders sentenced within the applicable guideline range has decreased from 43.3 percent in fiscal year 2005 to 27.5 percent in fiscal year 2014." Id. The degree of variance from the career offender guideline has also increased over the years. See id. "In 2005, the average sentence imposed was . . . 19.1 percent lower than the average guideline minimum." Id. In 2014, however, "the average sentence imposed . . . was 29.0 percent lower than the average guideline minimum." Id.

Following the First Step Act, Neal's revised Guidelines range is 188 to 235 months. A prison sentence of 180 months would only fall 4.25% below this range—placing Neal's sentence out of step with sentences typically given to "defendants with similar records who have been found guilty of similar conduct."

18 U.S.C. § 3553(a)(6).  See also Ex. A to Mot. (collecting cases).  This is particularly true given Neal's predicate offenses were nonviolent.  See Report to the Congress 2-3, 22.

The government argues that reducing Neal's sentence would create, rather than avoid, unwarranted sentencing disparities. Opp'n at 7 n.3.  But the notion that treating offenders with crime-of-violence predicate felonies differently from career offenders with drug-trafficking predicate felonies creates an impermissible disparity ignores a key feature of section 3553(a)(6).  Section 3553(a)(6) does not seek to mitigate all disparity.  Rather it targets disparity between "defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).  A defendant whose career offender status is predicated on crimes of violence does not have a "similar record" as a career offender with drug-trafficking predicate felonies.  The Court disagrees that considering a career offender's predicate offenses gives rise to a sentencing disparity that is "unwarranted."

The Court also rejects the government's broader argument that a sentence reduction is inappropriate here because the parties' plea agreement contemplated and accounted for the changes later codified in the Fair Sentencing Act.  See Opp'n at 2, 6-7.  This Court said it at the time of sentencing, and will reiterate it here, the government's original plea offer was "extraordinarily fair" and a "reasonable compromise" given the state of the law at the time.  See Tr. of Judgment and Sentencing at 3:14-22.  This order should not deter the government from making similar showings of goodwill when justice

10

requires.  But the Court does not find the government's prior magnanimity is a legitimate basis for denying Neal a sentence reduction the law otherwise permits.  To find otherwise would undermine the purposes of the First Step Act and ignore the possibility that the parties would have struck a different bargain if Neal was facing 188-235 months in prison rather than a lifetime.

The Court recognizes that Neal's revised Guideline range is higher than the sentence she originally received.  But guided by the section 3553(a) factors, the Court ultimately finds a significant variance from the revised Guideline minimum is appropriate here.  The Court therefore grants Neal's motion to reduce her sentence to 130 months imprisonment, followed by 48 months of supervised release.

### III.   ORDER

For the reasons set forth above, the Court GRANTS Neal's motion and reduces her original sentence under the First Step Act from 180 months to 130 months imprisonment and reduces her term of supervised release from 60 months to 48 months.

IT IS SO ORDERED.

Dated: August 3, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE